TRIPPLEHORN v. CAMBRON et al.

(Circuit Court of Appeals, Sixth Circuit.   April 8, 1918.)

No. 3054.

1. APPEAL AND ERROR ☞854(2)—REVIEW—DECREE.
   Where the trial court found on the issues joined that it had no jurisdiction, and ordered the petition dismissed, the decree should be treated as dismissing the petition for want of jurisdiction, and not for want of equity, regardless of the opinion rendered by the court.

2. BANKRUPTCY ☞152—TRUSTEES—RIGHTS OF.
   A bankrupt's interest in land vests in his trustee as of the date of the filing of the petition in bankruptcy.

3. BANKRUPTCY ☞217(3)—REVIEW—MOOT QUESTIONS.
   Where the administrator of an estate filed a petition in the state court to sell the property for the payment of debts, and the trustee in bankruptcy of one of the heirs entitled to share in the land consented to the sale, any question of jurisdiction to enjoin the sale became moot, and a petition seeking an injunction should be dismissed.

4. BANKRUPTCY ☞217(3)—COURT OF BANKRUPTCY—JURISDICTION—CONSENT.
   Where the trustee of a bankrupt, who was entitled to share in his mother's estate, after filing a petition to compel the bankrupt's divorced wife, who asserted a lien on the bankrupt's interest in such estate, to set up her claim in the court of bankruptcy, consented to the sale of the property on the petition of the administrator filed in the state court, such consent was a concession of the state court's jurisdiction to determine the rights of the several claimants to the fund, and warranted a dismissal of the trustee's petition.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Petition by Daniel R. Tripplehorn, trustee in bankruptcy, against Pauline Cambron and others. From a decree for defendants, petitioner appeals.   Affirmed.

On June 12, 1915, appellant filed a petition against appellees, the divorced wife of the bankrupt, the sheriff of Allen county, Ohio, the Lima Trust Company, and the administrator of the estate of bankrupt's mother, to restrain a sale, under the alimony decree, of bankrupt's undivided one-third interest in certain land inherited from the mother, to require the administrator to pay over to appellant the bankrupt's share of the proceeds that might be derived from any sale of the land by the administrator to pay the debts of the mother's estate, and to require appellee Cambron to set up her lien, if any, against the land or against such proceeds in these proceedings, and there to have the validity of the lien determined. To this petition, appellee Cambron answered, denying the jurisdiction of the court, but praying, in the event that the court upheld its jurisdiction, that she might be decreed to have a valid lien on the bankrupt's interest in the proceeds of the sale hereafter referred to, prior to the rights of the trustee in bankruptcy.

The facts, as disclosed by the petition and answer, are undisputed. It appears therefrom that the bankrupt had inherited from his mother a one-third interest in certain real estate, subject to a dower interest; that before the divorce proceedings the legal title to this property had been vested in the Trust Company, for the purpose of effectuating a sale thereof, but only on approval by the bankrupt and a coheir. While the property was improved, nothing is alleged as to the actual possession thereof. Appellee Cambron had obtained a decree of divorce a few days before the petition in bankruptcy was filed, at a term of court begun within four months, on a petition filed more than four

months, prior to the bankruptcy proceedings. In the divorce petition, the property in question was specifically described, alimony was prayed therefrom, and any disposition by the defendant of his interest in the proceeds from the sale thereof was sought to be enjoined. The defendant therein was enjoined, pendente lite, from disposing of his interest in the property or in the proceeds of any sale thereof. In the divorce decree, $1,000 alimony was granted, and expressly made a lien from the first day of that term of court on the defendant's undivided interest in the property and in the proceeds of a sale, if a sale be made under the trust agreement or otherwise, and sale under execution was ordered, if no sale under the trust agreement should be made within six months. A few days after the adjudication in bankruptcy, on plaintiff's motion, that six-month limitation was removed.

It further appears that on June 15, 1915, three days after appellant's petition was filed, the administrator of the mother's estate, pursuant to an agreement between the parties, whereby appellee Cambron had consented not to ask for execution in the divorce case, filed a petition in the state court to sell the property in question for the payment of debts. In this petition, to which the bankrupt and the other heirs, as well as appellant and appellees herein, were made parties defendant, he prayed, inter alia, that each defendant set up his interest or claim, that the premises be sold free and clear, and that the rights of all parties be determined and adjusted. The pleadings in that case, other than this petition and the divorced wife's answer, asserting a lien and praying payment thereof out of the proceeds of the sale, are not in the record before us; but it is shown by the present record that all persons named as defendants in those proceedings entered their appearance therein and consented to the administrator's sale as prayed for, that the sale was had, that the proceeds are in the possession of the administrator for distribution, subject to the order of the state court, and that the cause was submitted by all parties to that court on the issues joined by the pleadings therein and on the evidence.

While an opinion was rendered in the District Court, that, under the doctrine of lis pendens applicable under Ohio law, appellee Cambron's lien was prior to the lien that any creditor could obtain after the commencement of the divorce proceedings, and that therefore, the petition of the trustee in bankruptcy should be dismissed, in the decree before us for review on this appeal, the court finds only that "on the issues joined it has no jurisdiction herein," and therefore orders "that the petition of the plaintiff is hereby dismissed, and the temporary injunction dissolved."

W. B. Richie, of Lima, Ohio, for appellant.
W. L. Parmenter, of Lima, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). [1] 1. In view of the single finding in the decree, and despite the opinion rendered, the decree must, in our judgment, be dealt with as dismissing the petition for want of jurisdiction, and not for want of equity.

[2] 2. It nowhere appears that the bankrupt, or his trustee in bankruptcy, or the trust company, had actual possession of the premises in question. While the bankrupt's interest vested in his trustee as of the date of the filing of the petition in bankruptcy, the property itself does not appear to have come into his actual possession, or under the control of the bankruptcy court at any time.

[3] 3. It does affirmatively appear that three days after appellant had filed his petition, wherein he alleged that the administrator was about to begin proceedings in the state court to sell the land, such proceedings were begun, and resulted in a sale with the consent of all

parties. Any question of jurisdiction to enjoin the sheriff's sale thereby became moot, and, if the petition had been limited thereto, it would have been properly dismissed on this ground.

[4] 4. By consenting to the administrator's sale, appellant conceded that the state court had control of the property. Clearly it, and it alone, had control of the proceeds. While appellant, by his petition, had sought to require the administrator to bring the bankrupt's entire share of those proceeds into the bankruptcy court, and to compel appellee Cambron to have the validity of her lien adjudicated in that court, we are absolved, by appellant's subsequent submission of all the issues to the state court, without any reservation, from determining whether, in view of the fact that this petition was filed three days before the administrator's petition to sell, the bankruptcy court thereby acquired at least a discretionary power to grant this prayer.

Clearly, the state court is legally competent to determine conflicting claims in respect to a fund under its control; and when such determination is dependent, as in this case, upon the construction of state statutes and decisions, it is a proper exercise of judicial discretion, when all parties have theretofore voluntarily submitted to the jurisdiction of the state court, to decline to exercise jurisdiction and to remit them thereto. While the appellant's answer in the state court does not appear in the record before us, appellee Cambron's answer raises the issue of the validity and priority of her alleged lien; that, coupled with the uncontradicted allegation that all issues raised by the pleadings were submitted to that court for adjudication, sufficiently indicates the consent of all parties thereto.

We express no opinion on the merits, because, on this record, that question, in our judgment, is not before us.

Decree affirmed.